UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHUANG LONG SHI,

                Plaintiff,

-against-

ADDI GATENO; DELTA REALTY GROUP,

                Defendants.

23-CV-5349 (LTS)

ORDER DIRECTING PAYMENT OF FEE
OR AMENDED IFP APPLICATION

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted an IFP application, but his responses do not establish that he is unable to pay the filing fees. Plaintiff states that he is retired and receives income from the Social Security Administration.[1] He states that he has no expenses and that his money has been "h[e]ld and take[n] aware by Defendant." (ECF 1 at 2.) Plaintiff attaches to his complaint bank statements that appear to reflect that he has substantial assets. Plaintiff's underlying claim arises, in part, from execution of an allegedly improper state court judgement, in a total amount that appears to be far less than his assets. Based on the information provided, it is unclear if Plaintiff is unable to afford the cost of suit or whether he lacks any access to any of his assets.

    Accordingly, within 30 days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP

---

[1] Plaintiff also indicates on the IFP Application that he is incarcerated, which does not seem to be the case based on the address that he provides. (ECF 1 at 1.)

application, it should be labeled with docket number 23-CV-5349 (LTS), and address the deficiencies described above by providing facts to establish that he is unable to pay the filing fees. In particular, Plaintiff should clarify whether all of his assets have been restrained. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

Plaintiff may wish to consider contacting the New York Legal Assistance Group's Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 23, 2023
         New York, New York

                                /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge