UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHUANG LONG SHI, <br><br> Plaintiff, <br><br> -against- <br><br> ADDI GATENO; DELTA REALTY GROUP, LLC, <br><br> Defendants. | 23-CV-5349 (LTS) <br><br> ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in New Jersey, brings this action *pro se*. He asserts claims, which appear to arise under state law, in connection with a real estate transaction involving a laundromat in Bronx County, New York. By order dated July 6, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are from Plaintiff's complaint and the exhibits attached thereto. Addi Gateno is "the owner" of Delta Realty Group, LLC, which owns the premises at 3628 White Plains Road, Bronx, New York. (ECF 1 at 1.) Zhu Wen Lou operated a laundromat at the premises for more than ten years. (ECF 1-1 at 22.) On December 27, 2018, Lifeng Jin entered into an agreement with Zhu Wen Lou to purchase the laundromat, including the equipment and contract rights. (*Id.* at 34.) A copy of that agreement is attached to the complaint, as are additional documents, including: (1) an agreement titled "Landlord Consent to Assignment of Lease," signed by Zhu Wen Lou, Lifeng Jin, and an illegible name above the signature line for

the landlord, which is notarized and dated on December 27, 2018; and (2) a copy of a check for $17,900, dated December 27, 2018, from Lifeng Jin to Delta Realty Group, LLC.

Plaintiff Shuang Shi alleges that he was not a party to any of these transactions. Plaintiff submits a statement from Lifeng Jin indicating that Plaintiff was not a party to, or guarantor of, any agreement involving the laundromat and that that Delta Realty Group, LLC, created a "made up fake contract." (ECF 1-1 at 23.)

In 2020, Delta Realty Group, LLC, filed suit in the New York City Civil Court, Bronx County, naming Plaintiff and Lifeng Jin. The complaint asserts that on February 1, 2019, Delta Realty Group, LLC, entered into an agreement with Plaintiff and Lifeng Jin to rent the premises for a five-year period. The complaint further alleges that Plaintiff executed a guaranty of lease (ECF 1-1 at 53), but in this action Plaintiff disputes that he was a guarantor of the lease. Plaintiff attaches Delta Realty Group, LLC's motion submitted in the Bronx County Civil Court asking to strike Shuang Shi's affirmative defenses and counterclaims, to enter judgment of $120,379.38, and to enter a default judgment against Lifeng Jin. (ECF 1-1 at 44.) According to a restraint subpoena attached to the complaint, on May 26, 2022, Delta Realty Group, LLC, was awarded a judgment in the amount of $126,160 in the Bronx County Civil Court against judgment debtors Lifeng Jin and Shuang Shi.[1] (ECF 1-1 at 9.)

In this complaint, Plaintiff appears to allege that Defendants Delta Realty Group, LLC, and its "owner" Addi Gateno took money from Plaintiff's Chase and Citibank accounts totaling

---

[1] The exemption notice attached to the complaint explains to the debtor: "You may . . . be able to 'vacate' (remove) the judgment. If the judgment is vacated, your bank account will be released. Consult an attorney (including free legal services) or visit the [Bronx County] Court Clerk for more information about how to do this." (ECF 1-1 at 13.)

3

$608,953.54, leaving him indigent. (ECF 1 at 2.) Plaintiff brings this suit against Delta Realty Group, LLC, and Gateno, seeking $608,953.54 in damages.

## DISCUSSION

A.  **Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited. Federal jurisdiction is generally available only when a "federal question" is presented, 28 U.S.C. § 1331, or when diversity of citizenship is complete and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Plaintiff does not invoke the Court's federal question jurisdiction, and his allegations regarding the lease agreement and execution of judgment do not suggest any basis for the exercise of federal question jurisdiction.

To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must allege that his citizenship is diverse from that of all defendants. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381,

388 (1998). In addition, a plaintiff must allege to a "reasonable probability" that the claim is in excess of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Here, Plaintiff seeks a sum in excess of the jurisdictional minimum, and thus he has met the amount-in-controversy requirement. Plaintiff fails, however, to satisfy his burden of showing that diversity of citizenship is complete. An "individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 Fed. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). For purposes of diversity jurisdiction, a limited liability company is deemed to be a citizen of each state of which its members are citizens. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

Plaintiff alleges that he is domiciled in New Jersey, and he provides an address for Defendant Addis Gateno in New York. First, the address for Defendant Gateno appears to be the business address for Delta Realty Group, LLC. Gateno's citizenship, however, is determined by his domicile. It is therefore not clear that Defendant Gateno is a citizen of New York. Second, although Plaintiff provides an address for Delta Realty Group, LLC, in New York, he does not plead facts about the identity of each member of the limited liability company or each member's citizenship. Without this information, the Court cannot determine the citizenship of Defendant Delta Realty Group, LLC. Plaintiff thus has not met his burden of demonstrating that the Court has subject matter jurisdiction of this action.

As set forth below, the Court grants Plaintiff leave to amend the complaint to cure its deficiencies.

B.        **Review of State Court Judgment**

"[I]n some circumstances, federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F. 3d 77, 88 (2d Cir. 2005). The *Rooker-Feldman* doctrine, established by Supreme Court cases *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983), "bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (citing 28 U.S.C. § 1257)).

The doctrine applies when four requirements are met: (1) the plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state court judgment; (3) the plaintiff must invite the federal district court to review and reject the state court judgment; and (4) the state court judgment must have been rendered before the federal district court proceedings commenced. *Hoblock*, 422 F.3d at 85 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Here, Plaintiff alleges that the Bronx County Civil Court entered judgment against him before he commenced these proceedings. He disputes that the judgment in state court is proper and invites the Court to conclude that he was not a guarantor of, or a party to, the lease agreement at issue. In this action, Plaintiff seeks relief for some harms that are caused by the state court judgment and some that are not. The Bronx County Civil Court judgment appears to have authorized restraint and seizure of $120,160 from Plaintiff as the judgment debtor. Insofar as Plaintiff challenges the seizure of such funds, he complains of an injury caused by the state court judgment. Because federal courts cannot review and reject state court judgments, the Court

lacks jurisdiction to entertain Plaintiff's claim that Defendants restrained his assets pursuant to an erroneous state court judgment.

Plaintiff also seems to allege, however, that Defendants seized in excess of $600,000 from his accounts. Nothing in the complaint suggests that the Bronx County Civil Court authorized seizure of amounts in excess of the state court judgment. Insofar as Plaintiff seeks to assert a claim against Defendants for allegedly seizing or restraining amounts beyond those authorized by the state court judgment, the *Rooker-Feldman* doctrine does not bar such claims. *See, e.g., Sykes v. Bank of America*, 723 F.3d 399, 404 (2d Cir. 2013) (holding that where plaintiff challenges only "levying against his SSI assets in his bank account in order to enforce the child support order—conduct which is wholly separate from the validity of the underlying order, [his] complaint does not fall within the scope of the [*Rooker-Feldman*] doctrine").

In order to pursue his claims in this Court that Defendants restrained sums beyond those authorized by the state court judgment, Plaintiff must amend his complaint to plead facts showing that the federal court has subject matter jurisdiction of this action.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to show that the Court has diversity jurisdiction of this action, the Court grants

Plaintiff 60 days' leave to amend his complaint to plead facts about where Defendant Gateno is domiciled, who are all of the members of Defendant Delta Realty, LLC, and where each member is domiciled. Plaintiff must also plead facts explaining his allegation that Defendants restrained sums far in excess of the state court judgment entered against him.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG) Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-5349 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for lack of subject matter jurisdiction.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 10, 2023
        New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

_____
_____
_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

I.  **BASIS FOR JURISDICTION**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

A.  **If you checked Federal Question**

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

B.  **If you checked Diversity of Citizenship**

1.  **Citizenship of the parties**

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
              (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
                   (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name          Middle Initial          Last Name

_____

Street Address

_____

County, City                    State               Zip Code

_____

Telephone Number            Email Address (if available)

B. **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
_____
First Name                        Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                      State             Zip Code

Defendant 2:
_____
First Name                        Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                      State             Zip Code

Defendant 3:
_____
First Name                        Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                      State             Zip Code

Defendant 4:

      First Name        Last Name

      Current Job Title (or other identifying information)

      Current Work Address (or other address where defendant may be served)

      County, City        State        Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name       Middle Initial | Last Name |
| Street Address | |
| County, City | State       Zip Code |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.