```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/21/2024_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHUANGLONG SHI,

        Plaintiff,

-against-

DELTA REALTY GROUP, LLC,

        Defendant.

23-CV-5349 (DEH) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    For the reasons that follow, the Court modifies its oral order issued at the conclusion of the June 20, 2024 pre-motion conference, denies plaintiff's newly-filed "Motion for Trial," adjourns the status conference now set for June 26, 2024, until **July 30, 2024, at noon**, and **requires plaintiff Shuanglong Shi to attend that conference in person**.

## Background

    On April 9, 2024, plaintiff Shi, who is representing himself, failed to appear at the in-person initial case management conference scheduled for 10:00 that morning. The Court was ultimately able to contact plaintiff via telephone and connect him to the courtroom telephonically. *See* Initial Case Mgmt. Order (Dkt. 26) at 1. The Court established various discovery and other pretrial deadlines, *see id*. ¶¶ 1-11, and warned the plaintiff, both orally and in writing, that "should he once again fail to appear for a scheduled conference, or otherwise violate this Court's scheduling orders, sanctions may be imposed, up to and including the dismissal of his case." *Id*. at 1. Additionally, the Court furnished plaintiff with a copy of its Discovery Guide for Pro Se Litigants and other instructional materials. *Id*. at ECF pp. 4-19.

    By letter dated June 5, 2024 (June 5 Ltr.) (Dkt. 30), defendant Delta Realty Group, LLC (Delta) reported that, although it had served its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A), as well as its First Request for Production of Documents (*see* Dkts. 26, 27), plaintiff

had engaged in "[n]o activity" since the initial conference. Delta sought leave to "move to dismiss the matter." June 5 Ltr. at 1. By Order to Show Cause dated June 7, 2024 (OSC) (Dkt. 31), the Court ordered plaintiff to respond to the June 5 2024 letter, no later than June 17, 2024, to explain:

> . . . why he did not provide any automatic disclosures (due no later than April 30, 2024, *see* Dkt. 26 ¶ 2), did not serve any written discovery requests (due no later than May 14, 2024, *see* Dkt. 26 ¶ 3), and did not serve any responses to defendant's written discovery requests (due no later than May 15, 2024, *see* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A)).

OSC at 1. Additionally, the Court scheduled a pre-motion conference for June 20, 2024, at 11:00 a.m., directed plaintiff to "**appear in person**," and reminded him that "**should he once again fail to appear for the scheduled conference, or otherwise violate this Court's scheduling orders, sanctions may be imposed, up to and including the dismissal of his case**." (*Id.*)

Plaintiff failed to submit any explanation for his conduct by June 17, 2024, and failed to appear for the June 20, 2024 pre-motion conference. During that conference, Delta reported that it too had received nothing from plaintiff. At the conclusion of the conference, the Court orally granted leave for Delta to move to dismiss this action pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute and/or failure to comply with prior orders, and established a briefing schedule for that motion.

Later in the day on June 20, 2024, plaintiff filed a document entitled "Motion for Trial" (Pl. Mot.) (Dkt. 32), dated June 16, 2024. *See* Pl. Mot. at 6. The motion consists of a six-page statement of alleged facts, which according to plaintiff is "sufficient to prove that the Delta Realty Group LLC has committed many violations and crimes," *id.*, followed by 19 exhibits, totaling over 100 pages. In light of plaintiff's *pro se* status, the Court construes the motion at least in part as plaintiff's attempt to serve his automatic disclosures and respond to Delta's written discovery requests. However, plaintiff has not provided all of the information required by Fed. R. Civ. P. 26(a)(1)(A) (for example, he has failed to provide the names of or contact information for his

potential witnesses) and has not responded in writing to each document request, as required by Fed. R. Civ. P. 34(b)(2)(B). In addition, plaintiff has failed to explain why he did not provide any of the required information or documents when due – which was over one month ago.

## Discussion and Order

In light of plaintiff's *pro se* status and the belated filing of his "Motion for Trial," the Court has determined to give plaintiff another opportunity to pursue his claims in accordance with this Court's orders. Consequently, defendant's motion for leave to file a Rule 41(b) motion to dismiss is DENIED without prejudice to renewal should plaintiff once again fail to comply with his discovery and other pretrial obligations. To the extent plaintiff's newly-filed motion seeks an immediate trial date, that motion is also DENIED, discovery having not yet been completed.

In light of the plaintiff's demonstrated difficulty in conducting timely discovery, the following interim dates are now set:

1. No later than **June 28, 2024**, defendant shall notify plaintiff of any deficiencies or inadequacies in his disclosures and discovery responses. Plaintiff is reminded that it is his obligation, when contacted by defendants regarding any such deficiencies or inadequacies, to respond promptly and to meet and confer with defendant's counsel, when requested to do so, in a good faith effort to resolve any disputes without judicial intervention.

2. No later than **July 12, 2024**, defendant shall advise the Court, by letter-motion in accordance with Local Civil Rule 37.2 and this Court's Individual Practices, of any remaining written discovery deficiencies requiring judicial intervention. The parties are reminded that all fact discovery must be completed no later than **July 31, 2024**. *See* Initial Case Mgmt. Order ¶¶ 4-5.

The status conference scheduled for **June 26, 2024 at 10:00 a.m.** is ADJOURNED to **July 30, 2024 at 12:00 noon**, and, if necessary, will also function as a discovery conference. **Plaintiff**

**must appear in person**. Plaintiff is reminded – for the third time – that **should he once again fail to appear for the scheduled conference, sanctions may be imposed, up to and including the dismissal of his case**.

Dated: New York, New York
       June 21, 2024

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**