UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHUANGLONG SHI,

                Plaintiff,

v.

DELTA REALTY GROUP, LLC,

                Defendant.

23 Civ. 5349 (DEH)

**OPINION**
**AND ORDER**

DALE E. HO, United States District Judge:

Plaintiff Shuanglong Shi ("Plaintiff" or "Shi"), proceeding *pro se*, brings this suit against Defendant Delta Realty Group, LLC ("Defendant" or "Delta"), asserting a variety of claims stemming from a prior commercial eviction proceeding commenced by Delta against Shi in the Civil Court of the City and State of New York, County of Bronx ("Bronx Civil Court").[1] Delta now moves for summary judgment, arguing, *inter alia*, that this matter is barred by the *Rooker-Feldman* doctrine as well as the doctrine of res judicata. For the following reasons, Delta's motion for summary judgment is **GRANTED**.

## BACKGROUND[2]

### I. Underlying Facts and Related Litigation

Delta previously initiated a commercial nonpayment eviction proceeding (the "Prior Eviction Proceeding") against Shi and his co-tenant pertaining to a commercial rental property located at 3628 White Plains Road, Bronx, New York, 10467 (the "Rental Property").[3] In the

---

[1] Def.'s Rule 56.1 Statement ¶ 1, ECF No. 42-3.

[2] Shi's Complaint, *see* ECF No. 1, and Amended Complaint, *see* ECF No. 11, are written in narrative format and the separate paragraphs are not numbered. As a result, this opinion cites to the applicable page number throughout, unless otherwise stated.

[3] *See* Am. Compl. at 3; Def.'s Mem. L. in Supp. Mot. for Summ. J. ("Def.'s Mem.") at 4, ECF No. 42-16.

Prior Eviction Proceeding, Shi asserted several counterclaims, alleging, *inter alia*: (1) that he did not enter into or give anyone authority to enter into a lease agreement with Delta for the Rental Property, (2) that he never used the Rental Property for either personal or business matters, (3) that Delta created a fake lease naming him as a tenant of the Rental Property and used it to fraudulently accuse him of failing to make rental payments in violation of the constitution and New York criminal law, (4) that Delta illegally used and maliciously spread his personal information, social security number, and financial information and also forged his signature in the lease, thereby harming his credit, causing financial loss, and violating federal privacy law, and (5) that Delta used the fraudulent contract and resulting allegations to threaten, slander, and attack him, thereby harming his reputation, credit, and financial security as well as his mental and physical health.[4] Shi also sought approximately $600,000 in damages.[5]

The Honorable Jeffrey S. Zellan presided over the ensuing trial in Bronx Civil Court and ultimately granted judgment in favor of Delta for $126,160.00 on May 26, 2022.[6] Judge Zellen also granted judgment of possession in favor of Delta and ordered a warrant of eviction to issue.[7] Judge Zellen further found that Shi failed to prove all his counterclaims, which were dismised in their entirety.[8] Thereafter, Delta, through its counsel, attempted to enforce the judgment, ultimately recovering $113,186.31 of the $126,160.00 due.[9]

---

[4] *See* Shi's Answer ¶¶ 4-11, ECF No. 42-9.

[5] *Id.*

[6] *See* May 26, 2022 Bronx Civil Court Decision and Order, ECF No. 42-6.

[7] *Id.*

[8] *Id.*

[9] Def.'s Rule 56.1 Statement ¶¶ 2-5.

## II.     This Action

Shi, who proceeds *in forma pauperis*,[10] proceeded to file his complaint in this action on June 23, 2023, which he subsequently amended on November 16, 2023.[11] Here, Shi's claims are nearly identical to those alleged in the Prior Eviction Proceeding. Specifically, Shi alleges, *inter alia*: (1) that he did not enter into or give anyone authority to enter into a lease agreement with Delta for the Rental Property, (2) that he never used the Rental Property for either personal or business matters, (3) that Delta created a fake lease naming him as a tenant of the Rental Property and used it to fraudulently accuse him of nonpayment of rent, (4) that Delta illegally used and maliciously spread his personal information, social security number, and financial information and also forged his signature in the lease, thereby violating his privacy and causing financial loss, (5) that he never engaged in "business activity" with Delta, and (6) that he did not know Delta or Delta's owner before the Prior Eviction Proceeding.[12] He again broadly claims that Delta has violated "US Civil and Criminal law" as well as his constitutional rights.[13] Shi adds, however, that Delta removed more money from his bank account than it was entitled to pursuant to the $126,160.00 judgment awarded by Judge Zellen in Bronx Civil Court.[14] Shi again requests approximately $600,000 in damages as a result.[15]

---

[10] *See* Order Granting IFP Application, ECF No. 5.

[11] *See* Compl. at 1; Am. Compl. at 1.

[12] *See* Am. Compl. at 3-5.

[13] *Id.* at 5.

[14] *See id.* at 3-4.

[15] *Id.* at 5.

3

## LEGAL STANDARDS[16]

Summary judgment is appropriate where the admissible evidence and pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] Disputes over an issue of material fact are "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."[18] Accordingly, the nonmoving party must advance more than a "scintilla of evidence" to defeat a motion for summary judgment.[19] Indeed, the nonmoving party must demonstrate more than "some metaphysical doubt as to the material facts."[20] In ruling on a motion for summary judgment, a court must view all evidence "in the light most favorable to the non-moving party,"[21] and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."[22]

Courts, however, must give "special solicitude" to *pro se* litigants in connection with motions for summary judgment.[23] As a result, a *pro se* party's opposition to a motion for summary judgment must be "read liberally and interpreted to raise the strongest arguments that

---

[16] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[17] Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam).

[18] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[19] *Id.* at 252.

[20] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[21] *Overton v. N.Y. State Div. of Mil. & Naval Affs.*, 373 F.3d 83, 89 (2d Cir. 2004).

[22] *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

[23] *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).

they suggest." [24] Yet, "application of this different standard does not relieve [a] plaintiff of [their] duty to meet the requirements necessary to defeat a motion for summary judgment."[25] Accordingly, this "duty to liberally construe a plaintiff's opposition" is not "the equivalent of a duty to re-write it."[26]

## DISCUSSION

Delta argues that all of Shi's claims are barred by the *Rooker-Feldman* doctrine, or, alternatively, by the doctrine of res judicata.[27] The Court considers each argument in turn.

### I. Lack of Subject Matter Jurisdiction under the *Rooker-Feldman* Doctrine

The Court first considers Shi's claim that Delta unlawfully took $608,953.54 from his bank accounts in November 2022 and concludes that this claim is barred by the *Rooker-Feldman* doctrine.[28]

#### A. Legal Standards

The *Rooker-Feldman* doctrine stands for "the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments."[29] This doctrine specifically "deprives federal district courts of subject-matter jurisdiction when four conditions are met: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgment; (3) the plaintiff's complaint invites district court review and rejection of that

---

[24] *Nieblas-Love v. N.Y. City Hous. Auth.*, 165 F. Supp. 3d 51, 65 (S.D.N.Y. 2016) (citing *Clinton v. Oppenheimer & Co. Inc.*, 824 F. Supp. 2d 476, 481 (S.D.N.Y. 2011)).

[25] *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003).

[26] *Nieblas-Love*, 165 F. Supp. 3d at 65 (citing *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

[27] *See* Def.'s Mem. at 4.

[28] *See* Am. Compl. at 3-4.

[29] *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005).

judgment; and (4) the state judgment was rendered before the filing of the federal complaint."[30] "The first and fourth requirements are procedural, while the second and third are substantive."[31]

### B.  Application

Applying this standard to Shi's claim that Delta unlawfully took funds from his bank account, the Court first concludes that both procedural requirements are clearly met. In the Prior Eviction Proceeding, Judge Zellan entered judgment in favor of Delta, ordered Shi evicted from the Rental Property, and denied his counterclaims in their entirety.[32] Thus, Shi "lost in state court."[33] Shi's loss in state court also occurred before he filed his complaint in federal court—Judge Zellen entered judgment in favor of Delta on May 26, 2022, but Shi did not file his original complaint in federal court until June 23, 2023.[34]

The first substantive *Rooker-Feldman* requirement—that plaintiff complains of injuries caused by the state-court judgment—is also satisfied because Shi "seeks to redress injuries that are a direct result of the state-court judgment and subsequent attempts to enforce it."[35] Indeed, his Amended Complaint seeks to remedy alleged harm caused by Judge Zellen's judgment in the Prior Eviction Proceeding ordering him to pay Delta $126,160.00 as well as Delta's subsequent attempts to enforce that judgment.[36] This is evident from Shi's request for damages in an amount equal to

---

[30] *Roberts v. Perez*, No. 13 Civ. 5612, 2014 WL 3883418, at *2 (S.D.N.Y. Aug. 7, 2014) (citing *Hoblock*, 422 F.3d at 85).

[31] *Id.*

[32] *See* May 26, 2022 Bronx Civil Court Decision and Order.

[33] *Roberts*, 2014 WL 3883418, at *2.

[34] *See* Compl. at 1.

[35] *Roberts*, 2014 WL 3883418, at *3.

[36] There are some discrepancies between the record and Shi's assertions. For example, while the judgment in the Prior Eviction Proceeding ordered him to pay Delta $126,160.00, Shi alleges that the amount Delta took was much higher than that. *See* Am. Compl. at 3-4 (alleging Delta "over draft and [took] from my bank[] $608,953.54 and blocked my [] Chase bank account, TD Bank accounts and Citibank saving account" and "invade[d] [his] bank account and [took]

the amount he alleges was wrongfully removed from his bank accounts in November 2022 and the fact that he specifically alleges that Delta wrongfully removed the money.[37]

"Most telling for purposes of *Rooker-Feldman*'s causation requirement," though, is that Shi "suffered no tangible injuries prior to the issuance of the state-court judgment."[38] "Where a plaintiff alleges no injuries before the issuance of the state court judgment, and any alleged injuries stem from the loss of their property, it is reasonable to infer that the plaintiff is claiming injury as a result of the judgment and therefore trying to undo it."[39] Here, Shi only owed Delta after Judge Zellan entered judgment in Delta's favor in the Prior Eviction Proceeding in May 2022.[40] Moreover, the record before the Court clearly demonstrates that Delta proceeded to enforce that judgment in January 2023 and March 2023, i.e., after judgment was rendered.[41] As such, the "only source" of Shi's injury is the "as-yet-unsatisfied judgment" from the Prior Eviction Proceeding.[42] Accordingly, the Court concludes that Shi's alleged injury is caused by the state court judgment

---

money from [his] Bank[] accounts"). Moreover, while Shi says the money was taken out of his accounts in November 2022, *see id.*, the record reflects that withdrawals were made in January and March 2023, *see* ECF No. 42-14. Ultimately, these discrepancies are immaterial, because Shi's claim is barred by the *Rooker-Feldman* doctrine.

[37] *See* Am. Compl. at 3-4; *Roberts*, 2014 WL 3883418, at *3 ("Read as a whole, Plaintiff's Amended Complaint plainly seeks to remedy harm caused by the state-court judgment ordering her to yield her title to the Buyers. That is evident from the requested compensatory damages, the detail with which Plaintiff complains of the state-court proceedings, and the fact that Plaintiff specifically names Defendant Altman, the Buyers' state-court litigation counsel.").

[38] *Roberts*, 2014 WL 3883418, at *3.

[39] *Whyte v. Bayview Loan Servicing, LLC*, No. 21 Civ. 3301, 2022 WL 4484664, at *5 (E.D.N.Y. Sept. 27, 2022) (citing *Roberts*, 2014 WL 3883418, at *3).

[40] *See* May 26, 2022 Bronx Civil Court Decision and Order.

[41] *See* Sperber Decl. ¶¶ 5-8, ECF No. 42-1 ("The Marshal obtained less than Defendant was entitled to. The Marshal only recovered $119,460.62 and legally retained his 5% poundage. As such, Defendant only received $113,186.31 towards the $126,160.00 due."); *see also* ECF No. 42-14.

[42] *Roberts*, 2014 WL 3883418, at *3.

7

and that the first substantive *Rooker-Feldman* requirement is satisfied here.

The Court also finds that the second substantive requirement is met here, as Shi's allegations essentially "invite district court review and rejection of" the Prior Eviction Proceeding.[43] Shi specifically asks the Court to "order" Delta to "compensate" him for the money Delta allegedly "over draft[ed] from [his] bank account."[44] Such a request is, in essence, a request to "void the state court decision in the [Prior Eviction Proceeding]" ordering Shi to pay Delta $126,160.00, which is clearly "foreclosed by [the] *Rooker-Feldman* doctrine."[45] Thus, given that all four *Rooker-Feldman* requirement are met here, the Court concludes that it lacks subject matter jurisdiction to review Shi's claim, as it is "inextricably intertwined with the extant state-court judgement against [him]."[46]

Finally, to the extent Shi's Amended Complaint could be construed as asserting any claims for fraud, "there is no general exception to the *Rooker-Feldman* doctrine when it is alleged that the state court judgment was procured by fraud."[47] Indeed, the Second Circuit has "clearly held that a plaintiff cannot rely on allegations that the state court judgment at issue was obtained fraudulently to avoid application of the *Rooker-Feldman* doctrine."[48] "To be sure, there are several recent decisions from the Second Circuit in which the court interpreted *pro se* complaints as asserting fraud claims that are not barred by *Rooker-Feldman* because they seek damages for the

---

[43] *Id.* at *4.

[44] Am. Compl. at 5.

[45] *Nunez v. Silber*, No. 22 Civ. 8416, 2023 WL 2215949, at *3 (S.D.N.Y. Feb. 22, 2023), *appeal dismissed*, No. 23 Civ. 244, 2023 WL 9837927 (2d Cir. Nov. 2. 2023); *see id.* (finding that the second substantive *Rooker-Feldman* requirement was met where the plaintiff "lost in the eviction proceedings, is essentially complaining of conduct arising from those proceedings and is seeking to overturn the Housing Court's decision").

[46] *Roberts*, 2014 WL 3883418, at *4.

[47] *Whyte*, 2022 WL 4484664, at *5.

[48] *Id.* (citing *Fiorilla v. Citigroup Glob. Mkts.*, 771 F. App'x 114, 115 (2d Cir. 2019).

8

allegedly fraudulent actions, the adjudication of which does not require the federal court to sit in review of the state court judgment."[49]  "Yet even when plaintiffs request damages for a fraud claim, the ultimate inquiry remains whether the fraud-related damage complained of comes from the unfavorable state court judgment."[50]  Here, Shi's allegations all pertain to the Prior Eviction Proceeding, the resulting judgment, and Delta's subsequent attempts to enforce said judgment. Therefore, "[a]bsent any allegations that further explain the damages [Shi] claim[s], the logical conclusion is that [any] fraud-related injuries [would be] inextricably intertwined" with the Prior Eviction Proceeding and resulting judgment, and that any potential fraud claims would thus be "barred by *Rooker-Feldman*."[51]

Accordingly, Delta's motion for summary judgement on this claim is **GRANTED**.

**II.     Res Judicata**

The Court next considers whether Shi's remaining claims are barred by res judicata.

**A.     Legal Standards**

"Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action."[52]  District courts must "give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so."[53]  Here, New

---

[49] *Id.* at *6 (citing *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014).

[50] *Id.*

[51] *Id.* (citing *Yan Ping Xu v. Suffolk Cnty.*, No 19 Civ. 1362, 2021 WL 1163007, at *4 (E.D.N.Y. Mar. 26, 2021); *see Yan Ping Xu*, 2021 WL 1163007, at *4 ("Plaintiff's damages claims, based on fraud and other purported misconduct, are also barred by *Rooker-Feldman*" because "the damages she seeks were caused by the state court orders at issue.").

[52] *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286-87 (2d Cir. 2002).

[53] *Allen v. McCurry*, 449 U.S. 90, 95-96 (1980) (citing 28 U.S.C. § 1738).

York State's res judicata law governs, which "bar[s] a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief.[54] In New York, res judicata applies where: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the same adverse parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been raised, in the prior action."[55] Moreover, "in evaluating the res judicata effect of a prior action, courts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."[56]

### B. Application

Shi's remaining claims allege the following: (1) that he did not enter into or give anyone authority to enter into a lease agreement with Delta for the Rental Property, (2) that he never used the Rental Property for either personal or business matters, (3) that Delta created a fake lease naming him as a tenant of the Rental Property and used it to fraudulently accuse him of nonpayment of rent, (4) that Delta illegally used and maliciously spread his personal information, social security number, and financial information and also forged his signature in the lease, thereby violating his privacy and causing financial loss, (5) that he never engaged in "business activity" with Delta, and (6) that he did not know Delta or Delta's owner before the Prior Eviction

---

[54] *Burka v. N.Y. City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[55] *Harris ex relatione Harris v. BNC Mortg., Inc.*, No. 16 Civ. 2126, 2017 WL 1166357, at *4 (E.D.N.Y. Mar. 28, 2017), *aff'd sub nom. Harris v. BNC Mortg., Inc.*, 737 F. App'x 573 (2d Cir. 2018).

[56] *Reyes v. Fairfield Properties*, 661 F. Supp. 2d 249, 277 (E.D.N.Y. 2009) (citing *Kramer v. Time Warner*, 937 F.2d 464, 774 (2d Cir. 1991)).

10

Proceeding.[57] Again, Shi also broadly alleges Delta violated "US Civil and Criminal law," as well as rights "granted by the constitution."[58]

Construed liberally, Shi's remaining claims "do not complain of the injury caused by the state court action or ask the Court to reject the judgment rendered therein."[59] Rather, "these alleged harms occurred prior to the state court proceeding," so the claims "are not barred by *Rooker-Feldman*."[60] The Court therefore considers whether they are barred by res judicata.

Here, the first two res judicata requirements are easily met—the Prior Eviction Proceeding was adjudicated on the merits after a trial and concerned the same adverse parties, *i.e.*, Shi and Delta.[61] With respect to the third res judicata requirement, Shi's remaining claims were or could have been raised in the Prior Eviction Proceeding. Indeed, all Shi's remaining claims "arise from the same factual grouping as the earlier litigated claim[s]," namely the allegedly fraudulent lease and ensuing eviction proceeding in Bronx Civil Court.[62] In fact, the majority of Shi's remaining claims are essentially identical to those he previously litigated as counterclaims, albeit unsuccessfully, in the Prior Eviction Proceeding.[63] Shi is, therefore, "merely making the same arguments the state court rejected, but in a federal forum," which res judicata precludes him from doing.[64] The two claims that Shi arguably did not clearly raise in the Prior Eviction Proceeding—

---

[57] *See* Am. Compl. at 3-5.

[58] *Id.* at 5.

[59] *Gurdon v. Bank*, No. 15 Civ. 5674, 2016 WL 721019, at *8 (S.D.N.Y. Feb. 23, 2016), *report and recommendation adopted sub nom. Andrew Gurdon (Ex'r-419 Estates, LLC) v. Doral Bank*, No. 15 Civ. 5674, 2016 WL 3523737 (S.D.N.Y. June 22, 2016).

[60] *Id.*

[61] *See* May 26, 2022 Bronx Civil Court Decision and Order.

[62] *Gurdon*, 2016 WL 721019, at *8.

[63] *Compare* Shi's Answer at ¶¶ 4-11 *with* Am. Compl. at 3-5.

[64] *Amissah v. Wells Fargo*, No. 19 Civ. 4624, 2020 WL 868599, at *3 (E.D.N.Y. Feb. 20, 2020).

that he never engaged in "business activity" with Delta and that he did not previously know Delta or Delta's owner—certainly could have been brought in that proceeding, and are similarly barred by res judicata. Accordingly, the Court finds that Shi's remaining claims must be dismissed.[65] Delta's motion for summary judgement on these claims is therefore **GRANTED**.

### III.   Claims Against and on Behalf of Third Parties

Construed liberally, Shi's Amended Complaint appears to assert claims on behalf of individuals who are not parties to the present matter. For example, Shi alleges he "never [had] business and finance activity" with "Lifeng Jin" and "Wenzhu Lou," neither of whom is a party to this matter.[66] He further alleges, *inter alia*, that Delta (1) denied taking Lifeng Jin's "deposit of $17[,]900.00" and "entire shop, " and (2) "has been refusing to admit ever [signing] a [l]andlord's consent to assign of lease with Lifeng Jin . . . and . . .Wenzhu Lou."[67] However, "[a] person who is not an attorney may only represent himself in a *pro se* action; he may not represent another person."[68] And here, Shi alleges no facts demonstrating how Delta's acts or omissions in relation

---

[65] *See Haziz-Ramadhan v. Specialized Loan Servicing, LLC.*, No. 23 Civ. 8900, 2024 WL 896837, at *3 (E.D.N.Y. Mar. 1, 2024) (finding plaintiff's claims relating to the foreclosure of her home and subsequent eviction from the same were "barred by the doctrine of res judicata" because "the state foreclosure action was an adjudication on the merits, concerned the same adverse parties . . . and the claims at issue [] were either raised or could have been raised in the state court proceeding"); *Gerasimov v. Amalgamated Hous. Corp.*, No. 21 Civ. 1760, 2021 WL 6338522, at *9 (S.D.N.Y. Dec. 17, 2021), *report and recommendation adopted*, No. 21 Civ. 1760, 2022 WL 94879 (S.D.N.Y. Jan. 10, 2022) (dismissing complaint as barred by res judicata where plaintiff alleged claims "based on the same underlying eviction proceedings and civil suit that he previously litigated and unsuccessfully appealed, and in which all three Defendants were involved, either as parties or as counsel to those parties").

[66] Am. Compl. at 4.

[67] *Id.* at 4-5.

[68] *Nunez v. Silber*, No. 18 Civ. 892, 2018 WL 10038777, at *3 (S.D.N.Y. Apr. 9, 2018); *see* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("Because [§ 1654] permits parties only to plead and conduct their own cases personally, we have held that an individual who is not licensed as an attorney may not appear on

to Lifeng Jin and Wenzhu Lou are actionable as to him. Therefore, because Shi cannot assert claims on behalf of others, the Court dismisses, without prejudice, any claims Shi attempts to bring on behalf of Lifeng Jin and Wenzhu Lou against Delta. Moreover, the Court declines to construe Shi's complaint as asserting any claims *against* Lifeng Jin and Wenzhu Lou because it is not clear how the facts Shi alleges—namely that he "never [had] business and finance activity" with either nonparty—are either actionable or related, if at all, to Shi's other claims.[69]

## IV. Shi's Motion

Instead of filing an opposition to Delta's motion for summary judgment, as required by the Local Civil Rules,[70] Shi submits another motion.[71] The motion, construed liberally, appears to reassert some of the same claims Shi initially asserted in his Amended Complaint, assert more claims on behalf on nonparties Lifeng Jin and Wenzhu Lou, and assert new claims against Delta, again stemming from the Prior Eviction Proceeding, the subsequent judgment, and Delta's attempts to enforce that judgment.[72]

Here, even if the Court were to liberally construe Shi's motion as an opposition to Delta's motion for summary judgment, the opposition would fail. To the extent Shi's motion reasserts the same claims he asserted in his Amended Complaint, those claims can be dismissed for the reasons discussed above. Moreover, as previously established, Shi cannot assert claims on behalf of

---

another person's behalf in the other's cause. That is, in order to proceed *pro se*, a person must be litigating an interest personal to him.").

[69] *Figman v. City of N. Y.*, No. 24 Civ. 8898, 2025 WL 1114548, at *3 (S.D.N.Y. Apr. 15, 2025) (declining to construe *pro se* plaintiff's complaint as "asserting claims against non-parties mentioned in the body of the complaint because the facts alleged are unclear and the allegations appear wholly unrelated to one another").

[70] *See* Local Civil Rule 7.1.

[71] *See* Pl.'s Motion, ECF No. 44.

[72] *See id.*

13

nonparties, including Lifeng Jin and Wenzhu Lou, so those claims are likewise dismissed. And, finally, "[a]lthough a pro se plaintiff's pleadings must be liberally construed . . . [i]t is inappropriate to raise new claims for the first time in submissions in opposition to a summary judgment motion because it fails to give defendants fair notice of the nature of the plaintiff's claim and thus undermines the purpose of Federal Rule of Civil Procedure 8(a)."[73] Thus, any new claims Shi attempts to raise here must also be dismissed.[74] Accordingly, for the reasons discussed herein, Shi's motion is **DENIED**.

## V. Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile.[75] Because the defects in Shi's claims against Delta cannot be cured with an amendment, the Court declines to grant Shi leave to amend his Amended Complaint.[76]

## CONCLUSION

For the foregoing reasons, Delta's motion for summary judgment is **GRANTED**, and Shi's motion is accordingly **DENIED**. In light of this holding, the Court need not reach any of Delta's

---

[73] *Espinoza v. N.Y. City Dep't of Transp.*, 304 F. Supp. 3d 374, 384 (S.D.N.Y. 2018) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and *Thomas v. Egan*, 1 F. App'x. 52, 54 (2d Cir. 2001)).

[74] While Shi's motion is somewhat hard to follow, construed liberally, it could be read to assert new claims related to the Prior Eviction Proceeding—e.g., that Delta "submit[s] false information in the name of [e]xtremely criminal tactics such as altering court records to mislead and deceive the court to obtain a judgment for the property ownership." Pl.'s Motion at 3. Regardless, any such purported new claims still pertain to the Prior Eviction Proceeding and the subsequent judgment. As a result, any such new claims would still be barred by res judicata, such that amendment would be futile.

[75] *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

[76] *See Gurdon*, 2016 WL 721019, at *10 (denying leave to amend where dismissal was based on jurisdictional and res judicata grounds); *Cunningham v. Bank of New York Mellon N.A.*, No. 14 Civ. 7040, 2015 WL 4104839, at *4 (E.D.N.Y. July 8, 2015) (denying leave to amend after dismissal under the *Rooker-Feldman* doctrine).

14

additional arguments, e.g., that Shi's Amended Complaint is barred by the doctrine of collateral estoppel or that the evidence in the record warrants summary judgment in Delta's favor. The Clerk of Court is respectfully directed to close this case.

In addition, while Shi's motion was filed under seal, he did not seek leave from this Court prior to doing so.[77] Upon review, the Court cannot discern any basis for maintaining the motion under seal. Therefore, by July 30, 2025, Shi may file a letter motion asking this Court to maintain the motion under seal and providing a basis for such request. If Shi files such a request, Delta may respond by August 13, 2025, and the Court will maintain Shi's motion under seal pending resolution of the sealing request. If no such letter motion is filed, the Court will order Plaintiff's motion unsealed.

The Clerk of Court is respectfully directed to terminate ECF Nos. 42 and 44.

SO ORDERED.

Dated: July 16, 2025

       New York, New York

_____
DALE E. HO
United States District Judge

---

[77] *See* Pl.'s Motion.