UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shuanglong Shi, | |
| Plaintiff, | |
| v. | 23-CV-5349 (DEH) |
| Delta Realty Group, LLC, | ORDER |
| Defendant. | |

DALE E. HO, United States District Judge:

On August 22, 2025, Plaintiff Shuanglong Shi ("Shi") filed a Motion for Extension of Time to File Notice of Appeal ("Motion for Extension"), ECF No. 51, and a Notice of Appeal, ECF No. 53. Shi seeks to appeal this Court's July 16, 2025 Opinion and Order granting Defendant Delta Realty Group, LLC's motion for summary judgment. *See* ECF No. 48.

Shi's Motion for Extension was untimely. *See* ECF No. 51. However, Shi indicated in his Motion for Extension that he "moved [to] a new address" and was "delayed [in] receiv[ing] the mail." ECF No. 51. The Court construes Shi's statement to mean that he was delayed in receiving a copy of the July 16, 2025 Opinion and Order in the mail, which preventing him from timely filing a notice of appeal. *See* July 17, 2025 Dkt. Entry (indicating that a copy of the July 16, 2025 Opinion and Order was mailed to Shi). Therefore, in light of his delayed receipt of the July 16, 2025 Opinion and Order and his *pro se* status, Shi's Motion for Extension is **GRANTED** *nunc pro tunc*, and the Notice of Appeal, ECF No. 53, shall be deemed timely.

Also on August 22, 2025, Shi filed a Motion for Leave to Proceed In Forma Pauperis on Appeal ("Motion to Proceed IFP"). ECF No. 52. In the Motion to Proceed IFP, Shi indicates that he receives monthly retirement income but does not provide any additional information about his income, expenses, or assets. *See id.* In fact, his Motion to Proceed IFP is completely devoid of

any information other than his monthly retirement income. *See id.* Without this additional information, the Court is unable to conclude that he lacks sufficient funds to pay the relevant fees for this action. *See Alexander v. JP Morgan Chase Bank, N.A.*, No. 19 Civ. 10811, 2024 WL 2866982, at *1 (S.D.N.Y. June 5, 2024) (denying plaintiff's motion for leave to proceed IFP on appeal because, *inter alia*, plaintiff's "application lists no income for the past 12 months, no employment history for the past two years, no assets, and no average monthly expenses, listing $0 for all categories, including categories such as 'food,' 'transportation,' and 'medical and dental expenses.'").

Therefore, Shi's request for leave to proceed on appeal without prepayment of fees is **DENIED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1915. However, in light of his *pro se* status, the Court "will grant him one final opportunity to demonstrate that he is unable to pay the filing fees." *Alexander*, 2024 WL 2866982, at *1 (citing *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). Within thirty days of the date of this Order, Shi may submit an amended IFP application correcting the deficiencies identified herein. That is, Shi must answer each question on the amended IFP application, including those that asking about his sources of income, any assets, and all monthly expenses. *See id.* at *1. If Shi fails to reapply for IFP status within thirty days of this Order, the Court will assume Shi no longer seeks to proceed IFP on appeal.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to terminate ECF Nos. 51 and 52. The Clerk of Court is also directed to update Plaintiff's address as listed on the docket in accordance with

the new information provided by Plaintiff in ECF No. 51, and is further directed to mail a copy of this Order to Plaintiff at that address and to note service on the docket.

    SO ORDERED.

Dated: September 4, 2025
       New York, New York

DALE E. HO<br>
United States District Judge